Chicago, C., C. & St. L. Ry. Co. et al. v. A. J. Keenan, Adm'r, etc.

1. VERDICTS—*On Conflicting Evidence, When Conclusive.*—When the evidence is conflicting, the verdict is, in general, conclusive upon the questions of fact in issue.

Trespass on the Case.—Death from negligent act. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1900. Affirmed. Opinion filed December 7, 1900.

A. E. DeMANGE, attorney for appellants.

OWEN & OWEN, WELTY & STERLING, and BARRY & MORRISSEY, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

This is an appeal from a judgment of $3,500, rendered in favor of appellee in a suit brought by him as administrator of the estate of William Kerr, to recover damages for the wrongful killing of Kerr by one of appellants' trains at a street crossing. As we are able to discover no harmful error of the trial court in ruling upon evidence, or in passing upon instructions, we shall devote ourselves, in this opinion, to a consideration of the facts. The evidence shows that while the deceased, driving a team and wagon, was attempting to cross appellants' railroad at a street crossing at Leroy, McLean county, he was struck and killed by a rapidly moving passenger train. He approached the crossing from the east and the train was coming from the

southeast. The track east of the crossing is through a deep cut, and there are obstructions on the north side of the track which partially shut off the view of an approaching train.

There is an ordinance of the city of Leroy limiting the speed of passenger trains to fifteen miles an hour. The negligence complained of was running the train at a higher rate of speed than fifteen miles per hour, and approaching a crossing without ringing a bell or sounding a whistle.

As to the speed of the train, there was the usual conflict in the testimony, varying from ten miles per hour, as testified by the train men, to thirty-five miles per hour, as testified to by some of appellee's witnesses. The testimony justifies the belief that the train was moving at the rate of thirty miles per hour. As to the ringing of the bell or the sounding of the whistle, there was the usual conflict, and the testimony was such that the jury could well have found either way upon the point. That appellant was guilty of negligence because of the reckless manner in which its servants ran the train, we have no doubt, after a careful review of the evidence. We are of the opinion, also, that its negligence in that regard was the proximate cause of Kerr's death.

The contention argued with the greatest vigor, and apparently with the greatest assurance, is that the deceased was not, at the time he was killed, in the exercise of ordinary care for his own safety. The evidence shows that he was a farmer, living in the country, and had come to Leroy with a load of corn. After disposing of his corn he started home in an empty wagon, his seven-year old son accompanying him. He was driving in a slow trot. Owing to the street on which he was driving being low, and there being an embankment to the east and some obstructions, he did not have a clear view of the train. We can not believe that he saw the train in time to avoid the collision. Such being the facts, we think the jury were justified in finding that he exercised the same care which an ordinarily prudent man would have exercised under the circumstances. Judgment affirmed.